## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM COALE,<br><br>          Plaintiff,<br><br>v.<br><br>METRO-NORTH RAILROAD COMPANY,<br><br>          Defendant. | 3:09-cv-2065 (CSH) |

### RULING ON PLAINTIFF'S SECOND AND THIRD MOTIONS TO COMPEL

HAIGHT, Senior District Judge:

Two motions to compel are pending in this employment discrimination case. Plaintiff William Coale moves to compel Defendant Metro-North Railroad Company ("Metro-North") to produce various documents and responses concerning Metro-North promotion and hiring practices.[1] [Docs. 22, 25.] For the following reasons, Coale's motions to compel are **GRANTED**.

### I.     Background

Coale, who works for Metro-North, alleges that Metro-North failed to assign him as a Special Duty Training Instructor ("SDTI") because he was perceived to be disabled by Metro-North in violation of the Americans with Disabilities Act ("ADA"). According to his Complaint, Coale was initially offered a position as a SDTI, but the offer was withdrawn due to a previous injury he had sustained while working for Metro-North. Compl. at ¶¶ 17-18. Coale alleges that Metro-North's Chief Training Officer confirmed to him that Metro-North considered him "unqualified to work at

---

[1] Coale also seeks to compel Metro-North to respond to Requests 1, 3, 5, 6, and 7 from his Second Set of Requests for Production, requests which Metro-North did not object to. Metro-North stated in its first objection that it anticipated producing these requests shortly. If Metro-North has not already done so, it is ORDERED to produce responses to these requests within ten (10) days of the date of this ruling.

any job involving a promotion or transfer due to his prior on-the-job injury." *Id.* at ¶ 19. Metro-North denies that it perceived Coale as disabled or denied him the SDTI position on that basis.

Coale is an Assistant Conductor at Metro-North. He is therefore considered a so-called "agreement employee," *i.e.*, an employee who is a member of a union with a collective bargaining agreement with Metro-North. The parties distinguish agreement positions from management positions, which—among other differences—are not subject to collective bargaining. The parties dispute whether the SDTI position is properly considered a "hybid management job," as Coale contends, or "not a management position," as Metro-North argues.

In addition to the SDTI position, Coale sought at least two other management positions while employed by Metro-North. In 2005 Coale applied and interviewed for an Operations Managers position, and in either 2006 or 2007 he applied for a management position as a Drug and Alcohol Technician, also referred to as the Drug Tester position. Coale was not hired for either position, and the parties dispute the relevance of the applications to the current lawsuit.

## II.    Discussion and Analysis

There are two pending motions to compel. The first, filed on January 14, 2011, concerns information about the promotion of agreement employees to management and whether those employees had previously suffered workplace injuries. The second, filed on February 21, 2011, concerns Coale's two unsuccessful applications for management positions with Metro-North. Metro-North objects to the relevance of the information sought in these motions to compel.[2]

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery and provides that

---

[2] For some of the requests, Metro-North also objects on other grounds. Such objections will be discussed *infra* in the context of each request.

"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1).  Further "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  For cases, like this one, that allege employment discrimination, "[e]vidence of general patterns of discrimination by an employer is relevant even in an individual disparate treatment case." *Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir. 1980).  Finally, the Court has "a broad range of discretion to determine relevance." 6 JAMES WM MOORE ET AL., MOOR'S FEDERAL PRACTICE ¶ 26.41[7][a] (3d ed. 2006) ("MOORE'S FEDERAL PRACTICE").

### A.       Contested Discovery Requests

### 1.       January 14, 2011 Motion to Compel

The crux of the January 14, 2011 Motion to Compel ("January Motion") is whether information concerning hiring decisions for management positions is relevant to Coale's claim concerning alleged discrimination in denying him a SDTI position.  Metro-North objects to Coale's requests concerning Metro-North's hiring or promoting agreement employees for non-agreement, *i.e.*, management, positions because it claims that: "[t]he hiring of individuals into management positions implicates policies and practices that are distinct from the procedure by which agreement (non-management) employees are assigned to special duty."  Def's. Obj. to Pl's. Mot. to Compel, Feb. 4, 2011 (Def's. Obj. to Jan. Mot.) at 4.  Coale contends that the SDTI is a "hybrid management job" because it is, among other things, (1)  a supervisory role, (2) not assigned on the basis of the seniority system, and (3) a "common springboard to management positions."   Pl's. Mem. of Law

in Supp. of Mot. to Compel, Jan. 14, 2011 (" Pl's. Jan. Mot.") at 4-5 (citing affidavit of Dalena Glenn, Chief Training Officer in the Training and Development Department of Metro North, Exh. D).

Metro-North disputes Coale's characterization of the SDTI, emphasizing that agreement employees selected for special duty assignments like the SDTI position in question are, among other things, (1) still subject to their respective collective bargaining agreements, (2) serving in temporary assignments, (3) and—perhaps most significantly—not selected through a formal procedure, unlike the application process for management positions.  Def's. Obj. to Jan. Mot. at 8-9.  Metro-North argues that the differences between the SDTI position and management positions are so great, that any "information relating to the hiring of individuals for management positions is plainly irrelevant to the appointment of employees to SDTI assignments."  *Id.* at 11.  The Court is not convinced.

Regardless of the precise differences between the SDTI position and management positions at Metro-North, information regarding how Metro-North treats previously injured agreement employees who seek management positions is likely to be relevant to this case.  Coale argues that the information sought in the January Motion is discoverable because it may show whether Metro-North discriminated against other employees who had or were perceived to have disabilities due to prior injuries.  Such information would be relevant and is thus discoverable.  *See Hollander v. Amer. Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990) ("Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive."); *Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69, 71 (D. Conn. 2004) ("Evidence of general patterns of discrimination by an employer is clearly relevant in an individual

disparate treatment case and is therefore discoverable pursuant to FED. R. CIV. P. 26(b)(1).")
(citations omitted).  "Company-wide practices" and "general patterns" are broad phrases that are not
necessarily confined by the boundaries of a particular job description.

Applying the foregoing, the Court addresses each of the specific discovery requests at issue.

### a.      Request to Admit No. 1

This request asks Metro-North to admit that "[i]n 2006 Metro-North did not hire any
agreement employees who had previously reported an on-the-job injury into a non-agreement
management position."  Metro-North objects only to the request's relevance.

As stated above, the Court finds that such a request is relevant.  Metro-North is ORDERED
to respond to this request within three weeks of this ruling.

### b.      Request for Production No. 2

This request seeks the production of "[t]he injury reports and/or injury histories for all Metro-
North agreement employees who were hired to non-agreement/management positions at Metro-North
in 2006.  Metro-North objects to the request on the basis that it is irrelevant, overbroad and unduly
burdensome, and calls for personal and confidential information.

As stated above, the Court finds that such a request is relevant.

As for the overbroad and unduly burdensome objection, "a party objecting to a discovery
request on the grounds that the information sought is unduly burdensome must go beyond the
familiar litany that requests are burdensome, oppressive or overly broad and submit affidavits or
other evidence revealing the nature of the burden."  *Nat'l Grange Mut. Ins. Co. v. Judson Constr.
Inc.*, No. 08-cv-981, 2011 U.S. Dist. LEXIS 45314, *1-2 (D. Conn. Apr. 27, 2011)(internal citation
and quotation marks omitted).  Metro-North makes no effort to describe why this request would be

unduly burdensome and so this objection is denied.

Finally, Metro-North objects to the request based on "personal and confidential information that is statutorily protected." Metro-North provides no further reasons or arguments as to why this information would be confidential or could not be properly protected by a narrowly crafted protective order, as has already been entered in the current case. *See* [Doc. 16].

Metro-North is ORDERED to respond to this request within three weeks of this ruling. The parties shall jointly craft any further protective order needed to protect any confidential information produced and submit it to the Court.

### c.      Interrogatory No. 1 & 2

These requests ask Metro-North to (1) "[i]dentify all Metro-North agreement employees who were promoted to non-agreement/management positions in 2006"; and (2) [i]dentify all Metro-North agreement employees who had previously reported an on the job injury and who were promoted to non-agreement/management positions in 2006." Metro-North objects only to the relevance of the requests. As stated above, the Court finds that the requests are relevant. Metro-North is ORDERED to respond to these requests within three weeks of this ruling.

### 2.      February 4, 2011 Motion to Compel

Coale's February 4, 2011 Motion to Compel ("February Motion") seeks to compel Metro-North to respond to two sets of requests concerning information about Coale's unsuccessful applications for two management positions, Operations Manager and Drug and Alcohol Technician, respectively. Like in the January Motion, Metro-North objects to these requests primarily on the basis of relevance, arguing that information concerning applications for management jobs—even applications by Coale himself—are irrelevant to the current dispute over the SDTI position. As

stated above, the Court disagrees and finds that such information is relevant.

Applying the foregoing, the Court addresses each of the specific discovery requests at issue.

### a.     Coale's Third Set of Requests

### (1)     Request 1

This request seeks "[a]ll Metro-North documents, correspondence, emails, and records concerning its decision not to hire the plaintiff for the Operations Manager job he applied for (and interviewed for) in or about December 2005 and concerning its decision about who it did hire for the Operations Manager Job." Metro-North objects to the request on the basis that it is irrelevant, overbroad and unduly burdensome, calls for personal and confidential information, and seeks privileged materials. During the parties' Rule 37(a)(1) conference, Coale narrowed the requests to "just the records concerning the plaintiff and the person who obtained the Operations Manager job the plaintiff interviewed in 2005."

As stated above, the Court finds that such a request is relevant.

Like the aforementioned overbroad and unduly burdensome objection in the January Motion, Metro-North does not describe why this request would be unduly burdensome and so this objection is denied.

Metro-North provides no further reasons or arguments as to why this information would be confidential or could not be properly protected by a narrowly crafted protective order, as has already been entered in the current case. *See* [Doc. 16].

Finally, Metro-North objects to request "to the extent that it seeks materials protected by the work product doctrine and/or attorney-client privilege." However, "[a] bald assertion of privilege is insufficient to claim the privilege." 6 MOORE'S FEDERAL PRACTICE ¶ 26.47[1][b]. Metro-North's

objection is nothing but a bald assertion and no privilege log has been submitted describing the nature of the documents or why they are privileged as required by FED. R. CIV. P. 26(b)(5)(A). Therefore this objection is denied.

Metro-North is ORDERED to respond to this request within three weeks of this ruling as narrowed.  The parties shall jointly craft any further protective order needed to protect any confidential information produced and submit it to the Court.

### (2)      Request 2

This request seeks "[t]he successful candidate's records and documents that were reviewed by the decision maker(s) for the Operations Manager's Job the plaintiff sought and interviewed for in or about December 2005." Metro-North objects to the request on the basis that it is irrelevant and calls for personal and confidential information.

As stated above, the Court finds that such a request is relevant.

Metro-North provides no further reasons or arguments as to why this information would be confidential or could not be properly protected by a narrowly crafted protective order, as has already been entered in the current case. *See* [Doc. 16].

Metro-North is ORDERED to respond to this request within three weeks of this ruling.  The parties shall jointly craft any further protective order needed to protect any confidential information produced and submit it to the Court.

### (3)      Request 3

This request seeks "[t]he plaintiff's records and documents that were reviewed by the decision makers for the Operations Manager's job the plaintiff sought and interviewed for in or about December of 2005." Metro-North objects to the request on the basis that it is irrelevant. As stated

above, the Court finds that such a request is relevant.  Metro-North is ORDERED to respond to this request within three weeks of this ruling.

### (4)     Request 4

This request seeks "[a]ll documents and materials reviewed by Metro North when it made the decision of who to hire and not hire for the Operations Manager Job the plaintiff sought and interviewed for in or about December of 2005."  Metro-North objects to the request on the basis that it is irrelevant, overbroad and unduly burdensome, calls for personal and confidential information, and seeks privileged materials.  During the parties' Rule 37(a)(1) conference, Coale narrowed the requests to "just the records concerning the plaintiff and the person who obtained the Operations Manager job the plaintiff interviewed in 2005."

As stated above, the Court finds that such a request is relevant.

Like the aforementioned overbroad and unduly burdensome objection in the January Motion, Metro-North does not describe why this request would be unduly burdensome and so this objection is denied.

Metro-North provides no further reasons or arguments as to why this information would be confidential or could not be properly protected by a narrowly crafted protective order, as has already been entered in the current case. *See* [Doc. 16].

Finally, Metro-North again objects to the request "to the extent that it seeks materials protected by the work product doctrine and/or attorney-client privilege."  Metro-North's objection is nothing but a bald assertion and no privilege log has been submitted describing the nature of the documents or why they are privileged as required by FED. R. CIV. P. 26(b)(5)(A).  Therefore this objection is denied.

Metro-North is ORDERED to respond to this request within three weeks of this ruling as narrowed. The parties shall jointly craft any further protective order needed to protect any confidential information produced and submit it to the Court.

### (5)      Request 5

This request seeks "[t]he job description and job posting for the Operation Manager's Job the plaintiff applied for and interviewed for in or about December 2005." Metro-North objects to the request on the basis that it is irrelevant. As stated above, the Court finds that such a request is relevant. Metro-North is ORDERED to respond to this request within three weeks of this ruling.

### (6)      Request 6

This request seeks "[t]he injury history for the person who got the Operations Manager job the plaintiff applied for and interviewed for in or about December of 2005 as it existed at the time the person got the job." Metro-North objects to the request on the basis that it is irrelevant, calls for personal and confidential information, and seeks privileged materials.

As stated above, the Court finds that such a request is relevant.

Metro-North provides no further reasons or arguments as to why this information would be confidential or could not be properly protected by a narrowly crafted protective order, as has already been entered in the current case. *See* [Doc. 16].

Finally, Metro-North again objects to the request "to the extent that it seeks materials protected by the work product doctrine and/or attorney-client privilege." Metro-North's objection is nothing but a bald assertion and no privilege log has been submitted describing the nature of the documents or why they are privileged as required by FED. R. CIV. P. 26(b)(5)(A). Therefore this objection is denied.

-10-

Metro-North is ORDERED to respond to this request within three weeks of this ruling. The parties shall jointly craft any further protective order needed to protect any confidential information produced and submit it to the Court.

### (7)    Request 7

This request seeks "[t]he injury histories as of the date of hire and/or promotion for each person who got an Operations Manager job in the Transportation Department at Metro North in 2005, 2006, 2007 and 2008." Metro-North objects to the request on the basis that it is irrelevant, calls for personal and confidential information, and seeks privileged materials. During the parties' Rule 37(a)(1) conference, Coale narrowed the scope to the years 2005 and 2006.

As stated above, the Court finds that such a request is relevant.

Metro-North provides no further reasons or arguments as to why this information would be confidential or could not be properly protected by a narrowly crafted protective order, as has already been entered in the current case. *See* [Doc. 16].

Finally, Metro-North again objects to the request "to the extent that it seeks materials protected by the work product doctrine and/or attorney-client privilege." Metro-North's objection is nothing but a bald assertion and no privilege log has been submitted describing the nature of the documents or why they are privileged as required by FED. R. CIV. P. 26(b)(5)(A). Therefore this objection is denied.

Metro-North is ORDERED to respond to this request within three weeks of this ruling as narrowed. The parties shall jointly craft any further protective order needed to protect any confidential information produced and submit it to the Court.

-11-

### (8)     Request 8

This request seeks "[a]ll interview documents, notes and reports concerning the plaintiff's interview for the Operations Manager job in or about December 2005." Metro-North objects to the request on the basis that it is irrelevant, overbroad and unduly burdensome, and calls for personal and confidential information.

As stated above, the Court finds that such a request is relevant.

Like the aforementioned overbroad and unduly burdensome objection in the January Motion, Metro-North does not describe why this request would be unduly burdensome and so this objection is denied.

Metro-North provides no further reasons or arguments as to why this information would be confidential or could not be properly protected by a narrowly crafted protective order, as has already been entered in the current case. *See* [Doc. 16].

Metro-North is ORDERED to respond to this request within three weeks of this ruling.  The parties shall jointly craft any further protective order needed to protect any confidential information produced and submit it to the Court.

### b.     Coale's Fourth Set of Requests

### (1)     Request 1

This request seeks "[a]ll plaintiff's applications, questionnaires, resumes, and all correspondence with the plaintiff concerning jobs the plaintiff applied for at Metro North from January 1, 2005 to the present." Metro-North objects to the request on the basis that it is irrelevant. During the parties' Rule 37(a)(1) conference, Coale narrowed the scope of this request to "just the Operations Manager job in 2005 and the Drug Tester job he applied for in 2006 or 2007." As stated

above, the Court finds that such a request is relevant.  Metro-North is ORDERED to respond to this request within three weeks of this ruling as narrowed.

### (2)    Request 2

This request seeks "Metro North's complete files concerning all the jobs the plaintiff applied for between January 1, 2005 and the present."  Metro-North objects to the request on the basis that it is irrelevant.  During the parties' Rule 37(a)(1) conference, Coale narrowed the scope of this request to "just the Operations Manager job in 2005 and the Drug Tester job he applied for in 2006 or 2007."  As stated above, the Court finds that such a request is relevant.  Metro-North is ORDERED to respond to this request within three weeks of this ruling as narrowed.

### (3)    Request 3

This request seeks "[a]ll documents concerning all the jobs the plaintiff applied for at Metro North from 2005 to the present including but not limited to all applications, all questionnaires, all job postings, all job descriptions, all interview notes and all correspondence concerning the plaintiff's job applications during this time period."  Metro-North objects to the request on the basis that it is irrelevant, and overbroad and unduly burdensome.  During the parties' Rule 37(a)(1) conference, Coale narrowed the scope of this request to "just the Operations Manager job in 2005 and the Drug Tester job he applied for in 2006 or 2007."

As stated above, the Court finds that such a request is relevant.

Like the aforementioned overbroad and unduly burdensome objection in the January Motion, Metro-North does not describe why this request would be unduly burdensome and so this objection is denied.

Metro-North is ORDERED to respond to this request within three weeks of this ruling as

narrowed.

### (4)     Request 4

This request seeks "[a]ll correspondence between the plaintiff and Metro North concerning each job the plaintiff applied for at Metro North from January 1, 2005 to the present." Metro-North objects to the request on the basis that it is irrelevant. During the parties' Rule 37(a)(1) conference, Coale narrowed the scope of this request to "just the Operations Manager job in 2005 and the Drug Tester job he applied for in 2006 or 2007." As stated above, the Court finds that such a request is relevant. Metro-North is ORDERED to respond to this request within three weeks of this ruling as narrowed.

### (5)     Request 5

This request seeks "[a]ll documents and materials reviewed by Metro North when it made the decision of who to hire for the Drug Testing Job the plaintiff applied for in or about 2006-2007." Metro-North objects to the request on the basis that it is irrelevant, overbroad and unduly burdensome, and calls for personal and confidential information. During the parties' Rule 37(a)(1) conference, Coale narrowed this request to Coale's records and the successful applicant's records.

As stated above, the Court finds that such a request is relevant.

Like the aforementioned overbroad and unduly burdensome objection in the January Motion, Metro-North does not describe why this request would be unduly burdensome and so this objection is denied.

Metro-North provides no further reasons or arguments as to why this information would be confidential or could not be properly protected by a narrowly crafted protective order, as has already been entered in the current case. *See* [Doc. 16].

-14-

Metro-North is ORDERED to respond to this request within three weeks of this ruling as narrowed. The parties shall jointly craft any further protective order needed to protect any confidential information produced and submit it to the Court.

### (6)     Request 6

This request seeks "[t]he job description and job posting for the Drug and Alcohol Technician Job the plaintiff applied for in or about 2006-2007." Metro-North objects to the request on the basis that it is irrelevant. As stated above, the Court finds that such a request is relevant. Metro-North is ORDERED to respond to this request within three weeks of this ruling.

### (7)     Request 7[3]

This request seeks "[t]he injury history for the person who got the Drug and Alcohol Technician Job the plaintiff applied for in or about 2006-2007 as it existed at the time the person got the job" Metro-North objects to the request on the basis that it is irrelevant and calls for personal and confidential information.

As stated above, the Court finds that such a request is relevant.

Metro-North provides no further reasons or arguments as to why this information would be confidential or could not be properly protected by a narrowly crafted protective order, as has already been entered in the current case. *See* [Doc. 16].

Metro-North is ORDERED to respond to this request within three weeks of this ruling. The parties shall jointly craft any further protective order needed to protect any confidential information produced and submit it to the Court.

---

[3] Metro-North refers to this request as "5.[sic]" due to a numbering error in the original request.

**(8)      Request 8[4]**

This request seeks "[t]he injury histories as of the date of hire and/or promotion for each person who got a Drug and Alcohol Technician Job at Metro North in 2005, 2006, 2007, and 2008." Metro-North objects to the request on the basis that it is irrelevant and calls for personal and confidential information. During the parties' Rule 37(a)(1) conference, Coale narrowed this request to 2006 and 2007.

As stated above, the Court finds that such a request is relevant.

Metro-North provides no further reasons or arguments as to why this information would be confidential or could not be properly protected by a narrowly crafted protective order, as has already been entered in the current case. *See* [Doc. 16].

Metro-North is ORDERED to respond to this request within three weeks of this ruling as narrowed. The parties shall jointly craft any further protective order needed to protect any confidential information produced and submit it to the Court.

**(9)      Request 9[5]**

This request seeks "[a]ll applications and correspondence between the plaintiff and Metro North concerning the Drug and Alcohol Technician Job in 2006." Metro-North objects to the request on the basis that it is irrelevant. As stated above, the Court finds that such a request is relevant. Metro-North is ORDERED to respond to this request within three weeks of this ruling.

_____

[4]  Metro-North refers to this request as "6.[sic]" due to a numbering error in the original request.

[5]  Metro-North refers to this request as "7" due to a numbering error in the original request.

### (10)    Request 10[6]

This request seeks "Metro North's Human Resources files concerning the plaintiff." Metro-North objects to the request on the basis that it is vague and that Coale's personnel files have previously been produced. Insofar as there on any remaining records in any Metro-North file concerning Coale's employment with Metro-North, Metro-North is ORDERED to produce them within three weeks of this ruling.

### III.    Conclusion

For the foregoing reasons, the motion to compel is GRANTED and Metro-North is ORDERED to respond to the discovery requests as delineated above.


It is SO ORDERED.

Dated: New Haven, Connecticut
        May 16, 2011

                                        */s/ Charles S. Haight, Jr.*
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge

---

[6] Metro-North refers to this request as "8" due to a numbering error in the original request.