UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM COALE,<br><br>       Plaintiff,<br>v.<br><br>METRO-NORTH RAILROAD COMPANY,<br><br>       Defendant. | 3:09-CV-02065 (CSH) |

**ORDER REGARDING SUPPLEMENTAL BRIEFING**

**HAIGHT**, Senior District Judge:

    This is an employment discrimination case. Plaintiff William Coale (hereafter "Plaintiff" or "Coale") accuses his former employer, Metro-North Railroad Company (hereafter "Defendant" or "Metro-North"), of violating the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Defendant denies all liability, and has moved for summary judgment dismissing the Complaint. Further facts underlying this matter are assumed for the purpose of this Order.

    The Court, having reviewed the Parties' submissions on Defendant's Motion for Summary Judgment, [Doc. 56], which is now ripe for a ruling, orders the Parties to file supplemental briefs on the question of the applicability, if any, of 42 U.S.C. § 12102(2)(B) (2008)[1] to Plaintiff's claims. The

---

[1] Plaintiff's claims are rooted in events which took place in 2005 and 2006, several years before the ADA was amended by the ADA Amendment Act of 2008, Pub. L. No. 110-325 (2008), which took effect on January 1, 2009. Consequently the Court evaluates the present case

reasons for that Order are as follows.

The ADA makes it unlawful for an employer to "discriminate against a qualified individual ... in regard to ... job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges or employment." 42 U.S.C. § 12112(a) (2008). Such discrimination includes "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of [his or her] disability," as well as "using qualification standards, employment tests[,] or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test[,] or other selection criteria ... is shown to be job-related for the position in question and is consistent with business necessity." 42 U.S.C. § 12122(b)(1) and (b)(6) (2008).

In order to make out a prima facie case of disability discrimination under the ADA, a plaintiff must establish that: (1) his employer is subject to the ADA; (2) Plaintiff was disabled within the meaning of the ADA; (3) Plaintiff was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) Plaintiff suffered an adverse employment action because of his disability. *See, e.g., Palmieri v. City of Hartford*, No. 3:11-CV-1149, 947 F.Supp. 2d 187, 2013 WL 2398365 (D.Conn. May 31, 2013), at *9 (citing and quoting *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001)); *see also, e.g.*, *Howell v. New Haven Board of Education*, 309 F.Supp. 2d 286, 290 (D.Conn. 2004).

At the time of the events in question, the ADA defined disability as: "(A) a physical or mental

---

"pursuant to the law that was applicable at the time [Defendant] allegedly violated [Plaintiff's] rights under the ADA," which is to say, under the prior version of the statute. *See Brown v. City of Waterbury Board of Education*, 722 F.Supp. 2d 218, 227 n.5 (D.Conn. 2010).

impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; of (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (2008). Neither Plaintiff nor Defendant claims that Plaintiff is, or was at the time of the events in question, actually disabled under prong (A) at the time of the events in question. Rather, Plaintiff Coale contends, and Defendant disputes, that there are "genuine issues of material fact concerning: (1) whether [Defendant] perceived Mr. Coale as disabled from working a broad class of jobs within the meaning of the ADA; and (2) whether [Defendant's] policy and practice of not promoting employees with" what amounts to a history of "lost time injuries violated the ADA." [Doc. 69] at 1.

While much of the parties' briefing concerns whether Defendant "*perceived* Mr. Coale as disabled within the meaning of the ADA," *id.* at 2 (emphasis added), implicating the possible applicability of prong (C) of 42 U.S.C. § 12102(2) (2008) to the facts alleged in the case at bar, the briefs do not address at any length the applicability of prong (B) under the same statute. The Court therefore raises the question of this prong's applicability *sua sponte*. That question arises because Plaintiff's Complaint alleges in ¶ 18 that a Metro-North managerial officer told Mr. Coale the desired promotion was not available to him "due to a previous on the job injury from about three years ago"; and ¶ 19 alleges that a different managerial officer told Mr. Coale that "the reason he did not get the Training Instructor job was because Metro[-]North considered him to be unqualified to work at any job involving a promotion or transfer due to his prior on-the-job injury." According to ¶ 13 of the Complaint, Mr. Coale's "prior on-the-job injury" occurred "[o]n or about September 12, 2002,"; on February 14, 2006 Mr. Coale was first told that the prior injury barred present promotion. ¶ 18. If what happened in this case is that Metro-North refused to consider Mr. Coale for promotion in 2006

principally because a record existed of Mr. Coale's on-the-job injury in 2002, then *quaere* whether the case falls within the statutory definition of disability as "a record of such impairment." 42 U.S.C. § 12102(2)(B) (2008).

In consequence, the Court directs the parties to address the applicability, if any, of 42 U.S.C. § 12102(2)(B) (2008) to this action. Counsel should include in their discussion the applicability and effect, if any, of the Second Circuit's holding in *Horwitz v. L. &. J.G. Stickley, Inc.*, 20 Fed. Appx. 76, 2001 WL 1220511 (2d Cir. 2001). Supplemental briefs discussing these issues must be exchanged and filed simultaneously not later than February 7, 2014.

It is SO ORDERED.

Dated: New Haven, Connecticut
      January 7, 2014

                                    */s/ Charles S. Haight, Jr.*
                                    Charles S. Haight, Jr.
                                    Senior United States District Judge